UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SEAN WATT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 14 - CV - 757 |
| THE CITY OF NEW YORK, a municipal | ) | |
| corporation, NEW YORK CITY POLICE | ) | |
| DEPARTMENT, POLICE OFFICER | ) | **COMPLAINT** |
| RASHAWN HOLMAN (Shield No. 25579), | ) | |
| "JOHN and/or JANE DOES" Nos. 1, 2, 3, etc. | ) | |
| (whose identities are unknown but who are | ) | |
| known to be police officers and employees of | ) | |
| the New York City Police Department), | ) | |
| "RICHARD and/or RACHEL ROES" Nos. 1, | ) | |
| 2, 3, etc. (whose identity is unknown but who | ) | |
| are known to be supervisory personnel of the | ) | |
| New York City Police Department) all of | ) | |
| whom are sued individually and in their official | ) | |
| capacities, | ) | |
| | ) | |
| Defendants. | ) | |

The Plaintiff, SEAN WATT, complaining of the Defendants by his attorney, RICHARD

L. GIAMPA, ESQ., P.C., respectfully shows to this Court and alleges as follows upon

information and belief:

## JURISDICTION

1.      This federal civil rights action is brought pursuant to 42 U.S.C. §§ 1983, 1985,

1986 and 1988 and the First, Fourth, Fifth and Fourteenth Amendments to the United States

Constitution, and pursuant to Article 1, §§ 6, 8, 11 and 12 of the Constitution of the State of New

York.

2.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C. § 1367 to hear and decide claims arising under state law.

**VENUE**

3.     Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which a substantial part of the events giving rise to Plaintiff's claim occurred.

**PARTIES**

4.     At all relevant times, Plaintiff was and is a resident of Bronx County, State of New York, citizen of the United States.

5.     At all relevant times, Defendant CITY OF NEW YORK ("CITY") was and is a municipal corporation organized and existing under the laws of the State of New York with its principal offices located at City Hall and One Centre Street, New York, New York.

6.     At all times mentioned, the New York City Police Department ("NYPD") was a department or agency of the CITY that was and is responsible for the appointment, training, supervision, promotion and discipline of police officers of the NYPD, including Defendants POLICE OFFICER RASHAWN HOLMAN, (Shield No. 25579), and/or JOHN and/or JANE DOES Nos. 1, 2, 3, etc. and/or RICHARD and/or RACHEL ROES Nos. 1, 2, 3 etc.

7.     NYPD Officers POLICE OFFICER RASHAWN HOLMAN, (Shield No. 25579), and/or JOHN and/or JANE DOES Nos. 1, 2, 3, etc. and/or RICHARD and/or RACHEL ROES Nos. 1, 2, 3 etc. are and were at all relevant times herein, officers, employees and agents of the NYPD.

8.     The individual defendants are being sued in their individual capacities.

9.    The true names and shield numbers of JOHN and/or JANE DOES Nos. 1, 2, 3, etc. and/or RICHARD and/or RACHEL ROES Nos. 1, 2, 3 etc. are not currently known to the plaintiff.  However, they were employees or agents of the NYPD on the date of the incident. Accordingly, they are entitled to representation in this action by the New York City Law Department upon their request, pursuant to New York State General Municipal Law § 50-k.  The Law Department, then is hereby put on notice (a) that plaintiff intends to name said officers as defendants in an amended pleading once the true names and shield numbers of said defendants become known and (b) that the Law Department should immediately begin preparing defense in this action.

## ADMINISTRATIVE PROCEEDINGS

10.    On or about March 20, 2013, pursuant to New York State General Municipal Law § 50-e(1), Plaintiff served Defendant CITY with a Notice of Claim.

11.    More than thirty (30) days have elapsed since Plaintiff's Notice of Claim was served on Defendant CITY.

12.    Plaintiff appeared and was questioned at an administrative hearing pursuant to New York General Municipal Law Section 50-h on August 1, 2013.

13.    This action has been commenced within the one-year statute of limitations applicable to federal civil rights actions brought pursuant to 42 U.S.C. § 1986, within one year and ninety-days after the state law causes of action set forth herein accrued, and within the three year statute of limitations applicable to federal civil rights actions brought pursuant to 42 U.S.C. § 1983.

14.     Plaintiff is not barred from bringing the within action in Federal Court and Plaintiff invokes the supplemental jurisdiction of this Court under 28 U.S.C. § 1367 to hear and decide claims arising under state law.

## FACTUAL ALLEGATIONS

15.     At approximately 1:30 a.m. in the early morning of March 2, 2013, Plaintiff SEAN WATT, a 25 year old African-American male, was lawfully present on the platform at the Jamaica Center Parsons Boulevard Subway Station located in Queens, New York, when NYPD approached him based on an unlawful and pretextual reason and identified themselves as officers.   Plaintiff complied with all of Defendant police officers' demands and presented Defendant police officers' with proper identification to identify himself as SEAN WATT.  After examining Plaintiff's identification, Defendant police officers' falsely informed Plaintiff, SEAN WATT, that he had an outstanding warrant for his arrest from 2008.   Plaintiff responded that he was unaware of any outstanding warrant and that he had done nothing wrong.

16.     Nevertheless, Defendants' ignored Plaintiff's pleas of innocence and proceeded to handcuff and search him without legal cause.  The police officers did not recover any contraband from Plaintiff's person.

17.     Defendants, without probable cause, placed Defendant under arrest and placed him in a holding cell at the 103rd Precinct, TD20, Jamaica, New York, pending transport to Central Booking.   Plaintiff did not commit any criminal offense.

18.     Approximately one hour after being placed in a holding cell at the 103rd Precinct TD20, Jamaica, New York, Defendant POLICE OFFICER RASHAWN HOLMAN forcefully dragged Plaintiff out of the holding cell by the hood of his hooded sweater and handcuffed and shackled Plaintiff to other inmates that were in the same holding cell awaiting transport them to

5

Central Booking.  Plaintiff asked Defendant POLICE OFFICER RASHAWN HOLMAN why he was being so aggressive, to which Defendant replied "Wait until we get outside".

19.     Plaintiff was then escorted outside to the police van by Defendant POLICE OFFICER RASHAWN HOLMAN, who was forcefully holding and leading plaintiff by his arm despite the fact that Plaintiff's hands were cuffed, wherein he was to be transported to Central Booking.  Prior to getting into the van, Defendant POLICE OFFICER RASHAWN HOLMAN, without cause, yanked Plaintiff by his arm and punched Plaintiff in his right eye, unannounced. The force used on Plaintiff was unnecessary, unreasonable and excessive.  At no time did the Defendant police officers have any legal cause or excuse for Plaintiff's assault.

20.     Due to the force of the blow, Plaintiff lost his balance and fell to the ground, hitting the left side of his face on the open door of the police van and was caused to lose consciousness.  Plaintiff continued to be punched and kicked by the defendant, POLICE OFFICER RASHAWN HOLMAN while Plaintiff was unconscious.

21.     Upon regaining consciousness, Plaintiff was bleeding and asked to be taken to the hospital emergency room.   Defendant police officers, specifically POLICE OFFICER RASHAWN HOLMAN, refused Plaintiff's request and proceeded to transport Plaintiff to Central Booking.

22.     Plaintiff was placed in a holding cell at Central Booking while waiting to appear before a judge.  Plaintiff was in pain with blurred vision and, once again, Plaintiff iterated his need to go to the hospital emergency room.  Upon seeing Plaintiff, a clerk advised Defendant police officers that Plaintiff should not appear before the judge in the condition he was in and should, in fact, be taken to the hospital emergency room.  Defendants complied and Plaintiff was taken to Queens Hospital Center, Jamaica, New York, where he was handcuffed to a hospital bed

and shackled by his ankles.

23.     After receiving several sutures on his right eye and left chin, Plaintiff was transported back to Central Booking, where he was unlawfully fingerprinted, photographed and detained in a cell against his will.

24.     Plaintiff was unlawfully charged with one count of NYC 1050.7, disorderly conduct, these charges were immediately dismissed and sealed by Judge Zaro on March 2, 2013.

## LIABILITY OF INDIVIDUAL DEFENDANT
## P.O. RASHAWN HOLMAN (Shield No 25579)

25.     Upon information and belief, at all times and places described above the defendant POLICE OFFICER RASHAWN HOLMAN (Shield No. 25579) improperly used excessive force and violated plaintiff SEAN WATT'S State and Federal constitutional rights.

26.     Upon information and belief, at all times and places described above the defendant POLICE OFFICER RASHAWN HOLMAN (Shield No. 25579) negligently, willfully, wantonly and recklessly failed to use the proper protocol for detaining, housing and transporting plaintiff SEAN WATT.

27.     Upon information and belief, at all times and places described above the defendant POLICE OFFICER RASHAWN HOLMAN (Shield No. 25579) improperly used deadly force and/or dangerous force and violated plaintiff SEAN WATT'S State and Federal constitutional rights.

28.     Upon information and belief, at all times and places described above the defendant POLICE OFFICER RASHAWN HOLMAN (Shield No. 25579) intentionally failed to use the proper protocol for detaining, housing and transferring plaintiff SEAN WATT.

29.     The individual defendant POLICE OFFICER RASHAWN HOLMAN (Shield No. 25579), through his individual acts and/or omissions, was deliberately indifferent to, and acted in

reckless disregard of plaintiff SEAN WATT'S federal and state constitutional rights, privileges and immunities and directly caused plaintiff SEAN WATT to suffer the serious and permanent injuries heretofore alleged.

30.    The foregoing was occasioned and caused wholly and solely by the willfulness, wantonness, recklessness, negligence, carelessness, unfaithfulness, unskillfulness and unprofessionalism of the defendant SEAN WATT, including the "Doctrine of Res Ipsa Loquitur."

31.    The foregoing was occasioned and caused wholly and solely by the intentional acts of the defendant POLICE OFFICER RASHAWN HOLMAN (Shield No. 25579), including the "Doctrine of Res Ipsa Loquitur."

## LIABILITY OF INDIVIDUAL DEFENDANTS WHOSE NAMES ARE NOT KNOWN

32.    Upon information and belief, at the times and places mentioned above, Defendants JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and employees of the New York City Police Department), RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identity is unknown but who are known to be supervisory personnel of the New York City Police Department), all of whom are sued individually and in their official capacities, unlawfully suppressed Plaintiff's freedom of speech. Additionally, Defendants, JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and employees of the New York City Police Department), RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identity is unknown but who are known to be supervisory personnel of the New York City Police Department) in whole or in part, participated in, an intentional assault and battery by kicking and punching the plaintiff in the head and body while he was hand cuffed and in police custody.

33.     Upon information and belief, at the times and places mentioned above, Defendants, JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and employees of the New York City Police Department), RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identity is unknown but who are known to be supervisory personnel of the New York City Police Department), who ordered Plaintiff's arrest, unlawfully retaliated against Plaintiff's exercise of his First Amendment rights by causing him to be unreasonably seized and falsely arrested and imprisoned and/or by knowingly failing to prevent or intervene in his unlawful arrest and imprisonment.

34.     Upon information and belief, at the times and places mentioned above, Defendants, JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and employees of the New York City Police Department), RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identity is unknown but who are known to be supervisory personnel of the New York City Police Department), who ordered Plaintiff's arrest, unlawfully retaliated against Plaintiff's exercise of his First Amendment rights by unlawfully assaulting the plaintiff and/or by knowingly failing to prevent or intervene in his unlawful assault.

35.     Upon information and belief, at the times and places mentioned above, the Defendants POLICE OFFICER RASHAWN HOLMAN, (Shield No. 25579), JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and employees of the New York City Police Department), RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identity is unknown but who are known to be supervisory personnel of the New York City Police Department) intentionally and/or negligently inflicted emotional distress upon Plaintiff.

36.     Upon information and belief, at all relevant times Defendants JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and employees of the New York City Police Department), RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identity is unknown but who are known to be supervisory personnel of the New York City Police Department) participated in, supervised, ratified or tacitly approved the unlawful and malicious arrest, unlawful imprisonment and/or prosecution of Plaintiff.

37.     The Defendants JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and employees of the New York City Police Department), RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identity is unknown but who are known to be supervisory personnel of the New York City Police Department), through their individual acts and omissions, were deliberately indifferent to, and acted in reckless disregard of, Plaintiff's federal and state constitutional rights, privileges and immunities, and directly caused him to suffer the injuries and harm described above.

### LIABILITY OF DEFENDANT CITY OF NEW YORK

38.     Upon information and belief, all of the acts and omissions by the individual Defendants were carried out with full knowledge, consent and cooperation, and under the supervisory authority of Defendant CITY.

39.     Upon information and belief, Defendant CITY by its policy-making agents, servants and employees, authorized, sanctioned and/or ratified these Defendants' wrongful acts and omissions; and/or failed to prevent or stop these acts and omissions; and/or allowed or encouraged these acts and omissions to continue.

40.     Moreover, upon information and belief, the acts and omissions of the individual Defendants resulted from and were taken pursuant to a de facto policy and/or well-settled and

widespread custom and practice of the CITY, which is implemented by police officers of said CITY, inter alia: to summarily, without efforts to explain or conciliate, punish persons who question the manner, authority or directives of police officers of the CITY and/or who do not capitulate to every demand, whether proper or improper, made by said officers.

41.     Moreover, upon information and belief, the acts and omissions of the individual Defendants resulted from and were taken pursuant to a de facto policy and/or well-settled and widespread custom and practice of the CITY, which is implemented by police officers of said CITY, inter alia: to summarily, without justification, physically attack, arrest and/or abuse persons, particularly persons of color, in the absence of any need to resort to physical force.

42.     Upon information and belief, the existence of such de facto policies and/or well-settled and widespread customs and practices has been known to supervisory and policymaking officers and officials of the NYPD and of the CITY for a substantial period of time.

43.     Upon information and belief, despite knowledge of such illegal de facto policies, customs and practices, the supervisory and policy-making officers and officials of the NYPD and of the CITY have not taken steps to terminate these policies, customs and practices; have not disciplined individuals who engage in such customs and practices; have not otherwise properly trained police officers with regard to the constitutional and statutory limits on the exercise of their authority; and have instead sanctioned and ratified these policies, customs and practices through their deliberate indifference to, or negligent disregard of, the effect of said policies, customs and practices upon the constitutional rights of persons, particularly persons of color, in the CITY.

44.     Upon information and belief, and without limiting the foregoing, the Defendant CITY has specifically failed to terminate said practices in the following manner:

11

(a)   Has failed to properly train, instruct, and discipline police officers with regard to probable cause for arrest;

(b)   Has failed to properly train, instruct, and discipline police officers with regard to their use of excessive force;

(c)   Has failed to properly train, instruct and discipline police officers with respect to civilians' First Amendment-protected right to criticize or question police officers' behavior and conduct;

(d)   Has failed to properly train, instruct, and discipline police officers with respect to use of their authority;

(e)   Has failed to properly train, instruct, and discipline police officers with regard to their duty to protect civilians from another officer's misconduct; and

(f)   Has permitted police officers to maintain the "blue wall of silence" and to conceal and fail to report the misconduct of other police officers.

45.   The knowing and repeated failure of the Defendant CITY to properly supervise, train and discipline said officers actually caused the injuries to Plaintiff alleged herein.

46.   Upon information and belief, Defendant CITY knew or should have known that the acts alleged herein would deprive Plaintiff of his rights without due process of law, in violation of the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution and Article 1, §§ 6, 8, 11 and 12 of the Constitution of the State of New York, including, without limitation, Plaintiff's rights to free speech, freedom from deprivation of liberty without due process of law, freedom from unreasonable seizure, freedom from false arrest and imprisonment, freedom from malicious prosecution, equal protection of the laws, and equal privileges and immunities under the laws.

47.   Defendant CITY is also directly liable and responsible for the acts of the individual Defendants under the doctrine of *respondeat superior*.

## FIRST CAUSE OF ACTION
(Constitutional Violations -- 42 U.S.C. § 1983)

48.   The Plaintiff SEAN WATT hereby realleges and incorporates by reference each and every allegation above as if fully set forth herein.

49.     Defendants, under color of state law, subjected Plaintiff to the foregoing acts and omissions without due process of law and in violation of 42 U.S.C. § 1983 thereby depriving Plaintiff of his rights, privileges and immunities secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, including, without limitation, deprivation of the following constitutional rights:

(a)     freedom to engage in protected speech;

(b)     freedom from unreasonable seizure of his person;

(c)     freedom from the use of excessive force upon his person;

(d)     freedom from unreasonable use of force on his person;

(e)     freedom from cruel and unusual punishment;

(f)     freedom from arrest without probable cause;

(g)     freedom from false imprisonment, that being wrongful detention without good faith, reasonable suspicion or legal justification, and of which wrongful detention Plaintiff is aware and to which he did not consent;

(h)     freedom from the lodging of false charges against him by police officers;

(i)     freedom from deprivation of liberty without due process of law; and

(j)     equal protection, privileges and immunities under the laws.

50.     Defendants' deprivation of Plaintiff's constitutional rights resulted in the injuries and damages set forth above.

## SECOND CAUSE OF ACTION

(Monell Claim Against Defendant CITY for Failure to Train, Supervise and Discipline
42 U.S.C. § 1983, 42 U.S.C. § 1985 and 42 U.S.C. § 1986 )

51.     The Plaintiff SEAN WATT hereby realleges and incorporates by reference each and every allegation above as if fully set forth herein.

52.     Defendant CITY, by and through its policymakers, created and maintained a custom, policy and/or practice of failing to adequately train, supervise and discipline its employees and agents, including the named and unnamed Defendants in this case, regarding civilians' rights of free speech, using excessive force and obtaining probable cause to ensure that civilians not be falsely arrested, falsely imprisoned and maliciously prosecuted.

53.     The existence of the aforesaid unconstitutional customs and practices, specifically with regard to the failure to supervise, train, instruct and discipline police officers and encouranging their misconduct, are further evidenced, inter alia, by the following:

(a)  The Report of the Commission to Investigate Allegations of police Corruption and Anti-Corruption Procedures of the Police Department, dated July 7, 1994 States

In the face of this problem (of corruption), the NYPD is allowed its systems for fighting corruption virtually to collapse. It has become more concerned about the bad publicity that corruption disclosures generate than the devastating consequences of corruption itself. As a result, its corruption control minimized, ignored and at times concealed corruption rather than root it out. Such an institutional reluctance to uncover corruption is not surprising. No institution wants it reputations tainted - especially a Department that needs the public's confidence and partnership to be effective. A weak and poorly resourced anti-corruption apparatus minimizes the likelihood of such taint, embarrassment and potential harm to careers. Thus there is a strong institutional incentive to allow corruption efforts to fray and lose priority – which is exactly what the Commission uncovered. This reluctance manifested itself in every component of the Department's corruption controls from command accountability and supervision, to investigations, police culture, training and recruitment. For at least the past decade, the system designed to protect the Department from corruption minimized the likelihood of uncovering it.[1]

(b)  From 2002 through 2010, in 92 percent of the substantiated cases referred to the NYPD by the CCRB, the NYPD did not follow the CCRB's recommendation that officers with substantiated claims of misconduct be disciplined with the most serious penalty of charges and specifications.[2] In 2012, the NYPD issued only verbal or written "instructions" to the subject officer in 62 percent of the substantiated complaints referred to them by the CCRB, and declined to take any action whatsoever in 21 percent of such cases.[3]

54.     Defendant CITY had actual or constructive notice of its failures to train, supervise and discipline its employees. This is because Defendant knew that it was foreseeable that officers would confront situations requiring knowledge of free speech rights, determining appropriate levels of force to used on persons in police custody and probable cause and that

---

[1] Mollen Commission Report, p 2-3, *available at* http://www.parc.info/client_files/special%20Reports/4%20-%20Mollen%20Commission%20-%20NYPD.pdf
[2] "Diminished Accountability: How Discipline for Police Misconduct is Downgraded by the NYPD", Citizens Union of the City of New York, March 2012, *available at* http://www.citizensunion.org/www/cu/site/hosting/Reports/CUReport_AccountabilityPoliceMisconduct.pdf
[3] CCRB Annual Report 2012, *available at* http://www.nyc.gov/html/ccrb/downloads/pdf/ccrb_pr_2012_annual_report.pdf

without the necessary training, supervision and discipline, constitutional violations would result. Yet Defendant CITY chose not to provide such training, supervision and discipline.

55.     This failure to train, supervise and discipline amounted to gross negligence, deliberate indifference or intentional misconduct, and encouraged and/or permitted the named and unnamed Defendants to engage in the conduct which proximately and directly caused Plaintiff's injuries and damages set forth above.

### THIRD CAUSE OF ACTION
(Assault and Battery)

56.     The plaintiff realleges and incorporates by reference each and every allegation above as if fully set forth herein.

57.     The defendant, POLICE OFFICER RASHAWN HOLMAN (Shield No. 25579) and CITY without just cause, willfully and maliciously touched, hit, beat, punched, kicked and used deadly force on plaintiff SEAN WATT without his authorization and said physical force caused plaintiff SEAN WATT to suffer the severe and permanent injuries heretofore alleged.

58.     The individual defendant POLICE OFFICER RASHAWN HOLMAN (Shield No. 25579) committed the foregoing acts intentionally, willfully, recklessly, and with malicious disregard for plaintiff's rights and is therefore liable for punitive damages.

### FOURTH CAUSE OF ACTION
(Individual Supervisory Liability
42 U.S.C. § 1983, 42 U.S.C. § 1985 and 42 U.S.C. § 1986)

59.     The Plaintiff SEAN WATT hereby realleges and incorporates by reference each and every allegation above as if fully set forth herein.

60.     The individual supervisory Defendants, were, at all relevant times, supervisory personnel in the NYPD, with oversight responsibility for the training, instruction, supervision

and discipline of the named and unnamed individual police officer Defendants who deprived Plaintiff of his federal constitutional rights.

61.    The individual supervisory Defendants knew or should have known that the individual Defendant police officers including but not limited to POLICE OFFICER RASHAWN HOLMAN were assaulting civilians, conducting unreasonable and retaliatory seizures, using excessive force and false arrests and depriving civilians of their due process of law.

62.    The individual supervisory Defendants were personally involved in failing to take preventative and remedial measures to guard against such constitutional deprivations, such that Plaintiff would not be injured. The supervisory Defendants knew, or in the exercise of due diligence, should have known, that the actions taken against Plaintiff by POLICE OFFICER RASHAWN HOLMAN and the unnamed individual police officer Defendants was likely to occur.

63.    The failure of the individual supervisory Defendants to train, supervise and discipline POLICE OFFICER RASHAWN HOLMAN and the unnamed individual police officer Defendants amounted to gross negligence, deliberate indifference or intentional misconduct which directly and proximately caused the injuries and damages to Plaintiff set forth above.

### FIFTH CAUSE OF ACTION
(New York State Constitutional Violations)

64.    The Plaintiff SEAN WATT hereby realleges and incorporates by reference each and every allegation above as if fully set forth herein.

65.    Such conduct breached the protections guaranteed to Plaintiff by the New York State Constitution, Article I, §§ 6, 8, 11, and 12, including his rights:

(a)    freedom to engage in protected speech;

16

(b)   freedom from unreasonable seizure of his person;
(c)   freedom from unreasonable use of force on his person;
(d)   freedom from arrest without probable cause;
(e)   freedom from the use of excessive force;
(f)   freedom from cruel and unusual punishment;
(g)   freedom from false imprisonment, that being wrongful detention without good faith, reasonable suspicion or legal justification, and of which wrongful detention Plaintiff is aware and to which he did not consent;
(h)   freedom from deprivation of liberty without due process of law; and
(i)   equal protection, privileges and immunities under the laws.

66.     Defendants' deprivation of Plaintiff's rights under the New York State Constitution resulted in the injuries and damages set forth above.

## SIXTH CAUSE OF ACTION
(False Arrest)

67.     The Plaintiff SEAN WATT hereby realleges and incorporates by reference each and every allegation above as if fully set forth herein.

68.     Acting under color of law, Defendants JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and employees of the New York City Police Department), RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identity is unknown but who are known to be supervisory personnel of the New York City Police Department) unlawfully caused, ordered, approved and/or knowingly failed to prevent Plaintiff's arrest without probable cause or other legal justification.

69.     The individual Defendants committed the foregoing acts intentionally, willfully and with malicious disregard for Plaintiff's rights, resulting in the injuries and damages set forth above, and are therefore liable for punitive damages.

## SEVENTH CAUSE OF ACTION
(False Imprisonment)

70.     The Plaintiff SEAN WATT hereby realleges and incorporates by reference each and every allegation above as if fully set forth herein.

17

71.     Acting under color of law, Defendants, JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and employees of the New York City Police Department), RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identity is unknown but who are known to be supervisory personnel of the New York City Police Department) and CITY unlawfully caused, ordered, approved and/or knowingly failed to prevent Plaintiff's wrongful detention, thereby depriving him of his liberty without good faith, reasonable suspicion or other legal justification.

72.     Plaintiff was conscious of, and did not consent to, his confinement.

73.     The individual Defendants committed the foregoing acts intentionally, willfully and with malicious disregard for Plaintiff's rights, resulting in the injuries and damages set forth above, and are therefore liable for punitive damages.

### EIGHTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)

74.     The Plaintiff SEAN WATT hereby realleges and incorporates by reference each and every allegation above as if fully set forth herein.

75.     The individual Defendants POLICE OFFICER RASHAWN HOLMAN, (Shield No. 25579), JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and employees of the New York City Police Department), RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identity is unknown but who are known to be supervisory personnel of the New York City Police Department) by their aforementioned acts, did intentionally, willfully, and knowingly cause Plaintiff to suffer mental and emotional distress, pain and suffering, and damage to name and reputation.

76.     The individual Defendants committed the foregoing acts intentionally, willfully and with malicious disregard for Plaintiff's rights and are therefore liable for punitive damages.

**NINTH CAUSE OF ACTION**
(Negligent Infliction of Emotional Distress)

77.    The Plaintiff SEAN WATT hereby realleges and incorporates by reference each and every allegation above as if fully set forth herein.

78.    The individual Defendants POLICE OFFICER RASHAWN HOLMAN, (Shield No. 25579), JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and employees of the New York City Police Department), RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identity is unknown but who are known to be supervisory personnel of the New York City Police Department) by their aforementioned acts, did negligently cause Plaintiff to suffer mental and emotional distress, pain and suffering, and damage to name and reputation.

**TENTH CAUSE OF ACTION**
(Negligence of the Individual Defendants)

79.    The Plaintiff SEAN WATT hereby realleges and incorporates by reference each and every allegation above as if fully set forth herein.

80.    The individual Defendants POLICE OFFICER RASHAWN HOLMAN, (Shield No. 25579), JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and employees of the New York City Police Department), RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identity is unknown but who are known to be supervisory personnel of the New York City Police Department) by their aforementioned acts, negligently failed to use due care in the performance of their duties in that they, among other negligent acts:

(a)    failed to perform their duties as a reasonably prudent and careful police officer or supervisor would have done under similar circumstances;

(b)    carelessly and recklessly used force that was excessive to the situation causing the plaintiff personal injury;

19

      (c)    carelessly and recklessly seized and detained Plaintiff; and

      (d)    carelessly and recklessly arrested and detained Plaintiff without a warrant or probable cause.

81.    The negligent actions of the individual Defendants directly and proximately caused Plaintiff's injuries and damages set forth above.

**WHEREFORE,** Plaintiff demands the following relief against Defendants, jointly and severally:

(a) a judgment declaring the actions and conduct of Defendants unconstitutional;

(b) full and fair compensatory damages including his damages suffered due to personal injury, humiliation, pain and suffering, and mental anguish in an amount to be determined by a jury;

(c) punitive damages in an amount to be determined by a jury;

(d) reasonable attorney's fees and costs and disbursements of this action;

(e) pre- and post-judgment interest; and

(f) such other and further relief as this Court may deem just and proper.


## DEMAND FOR A JURY TRIAL

A jury trial is hereby demanded.

Dated: Bronx, New York
      February ___3___, 2014


Yours, etc.,

RICHARD L. GIAMPA, ESQ., P.C.
Attorney for the Plaintiff
SEAN WATT
860 Grand Concourse, Suite 1H
Bronx, New York 10451
(718) 665-7700

20